Tlie opinion of the Court was delivered by
Todd, J.
This controversy grows out of the oppositions named above to tlie provisional account of the administrator of the Successions of Zenon and Elise Labauve, deceased.
Messrs. Barrow & Pope and Herron & Gallagher claim to be creditors of said successions for $600, for services rendered by them jointly ns attorneys-at-law, and Messrs. Barrow & Pope, for the further sum of $2,832 for similar services, and Caneza for $770.80, for moneys alleged to have been paid out by him for the benefit of said successions. They ask to be recognized as creditors, respectively, for these several sums and oppose the homologation of said account, because tlieir claims have not been placed thereon.
From a judgment allowing these claims with a slight reduction, the administrator has appealed.
*1189 The demands are opposed on the ground that they are not owing by the successions, and the prescription of three years is also pleaded against parts of the claims for the attorneys’ fees. Judge Labauve died in 1870, and Mrs. Labauve'in 1880.
Previous to the death of the former, he had obtained three judgments against Mrs. Eliza Woolfolk, amounting, in principal and interest, at the present time, to over $60,000.
The attorneys named were employed by Mrs. Labauve to collect these judgments. The efforts to do so, and to defeat the measures taken by the judgment debtor and others to avoid their payment, gave rise to a great deal of litigation, long protracted, and which has been several times before this Court. 24 An. 282 ; 26 An. 440 ; 30 An. 140; 31 An. 130.
The counsel caused the judgments to be revived and rendered other professional services to the successions not connected with these judgments. All the litigation mentioned and the many suits relating thereto did not result in the collection of the judgments. They remain uncollected to this day.
In relation to the services of the counsel, connected with the judgments in question, it is contended that inasmuch as they were employed to collect these judgments, which has not been accomplished, that the fees for their services are not due and demandable and will not be until the object of their employment is accomplished and the judgments collected.
On the other hand, it is urged by the opponents that they were discharged from their employment by the death of Mrs. Labauve, and such fact entitles them to demand payment at once for their past services.
It is all important, for the determination of this issue, to ascertain the precise terms on which the opponents were employed.
On this point we have to rely almost exclusively on the testimony of Mr. Barrow, one of the opponents, by whom the services charged for were mainly rendered. And in this connection, and in view of the conclusion reached by us touching the terms of the contract with Mrs. Labauve, we deem it proper to quote portions of his testimony in the record bearing most directly on the point-in question :
“My first connection with the business of Mrs. Labauve and of the estate of Judge Zenon Labauve, began about June 21st, 1872, when I was associated with Herron & Gallagher, in the prosecution of suit No. 1432 of the late 5th District Court, of Mrs. E. Labauve vs. Mrs. Emily Woolfolk et al., when we were retained for the purpose of enforcing the judgments against Mrs. Emily Woolfolk, in favor of Zenon Labauve, in suits Nos. 71, 73 and 168.
*1190 “ The first step taken in that matter was the injunction in suit 1462. Subsequently, after the decision in that case, Barrow & Pope were retained to continue and endeavor to collect the above judgments.”
“ My employment terminated at the death of Mrs. Labauve. I am! now employed by the administrator of Mrs. Labauve’s succession under a special agreement, and am associated in the matter with the attorneys of the estate. Nothing is realized in the shape of money from the Woolfolk litigation.
“ In saying I might ask for something on account, was only acting bn the custom when you- are rendering services to a party, and that party has the means, and may ask for something on account, although the-services are not concluded and the fees not actually due. In this case, the estate not having money,T never asked for any.”
The testimony of Major Herron was also taken and it corroborates that of Mr. Barrow, as relates to the object and terms of his firm, respecting that part of the business in which he co-operated with Messrs. Barrow & Pope. ■■
It appears from this testimony that the opponents were employed to collect the judgments designated and that there was no stipulation or understanding in regard to the amount.of the fees. Under this contract they were entitled to continue their services and were bound to do so until the sole purpose of their employment was accomplished, or until its accomplishment was shown to be impossible. - •
The employment of the opponents, under the terms of the-contract; did not, in our opinion, terminate at the death of Mrs. Labauve. It was competent for the opponents to enforce the contracts at the propel1 time against her succession and continue • their services under it; unless discharged by the administrator.
Mr. Barrow does not say, as a matter of fact, that he was actually discharged either by Mrs. Labauve or the administrator; but his statement on this point, about his employment terminating at the death of Mrs. Labauve, was evidently a mere deduction drawn by him from that event — his legal opinion of its effect upon the contract.
' As stated, we think otherwise, and his firm had the right to continue their services in furtherance of the end in view, as if Mrs. Labauve were still living, unless forbidden to do so. Nor does the fact of these gentlemen being associated with the attorney' Of the'succession, of itself, operate to discharge them. It is fairly to be inferred from this association that their employment was continued with special reference to. the collection of these judgments, since their familiarity with the business and their well earned experience rendered their services, it is to be presumed, almost indispensable.
The judgments in question remain in the same condition as at Mrs. *1191 Labauve’s death, or, as explained by Mr. Barrow, that he had only succeeded in clearing away the obstacles interposed by the opposing parties to their collection.
Under the circumstances, we do not consider that the fees for the services in question are now exigible. The death of Mrs. Labauve did not render them so.
The law on this point is correctly enunciated in this quotation from. u Weeks on Attorneys-at-Law : ” “ That where a contract was made for the prosecution of a claim * * and the attorney rendered certain services under such contract, the death of the client did not dissolve' the contract, but the compensation remained a lien upon the money when recovered.” P. 598; also Wylie vs. Cox, 15 How. 415.
Nor, in the views expressed and conclusion reached, would we wish to be considered as contravening the general rule on this point, which, as we understand, is that no agreement is implied on the part of an attorney when he puts a claim in suit for his client or receives one for that purpose; that he must look to the claim only as the means of satisfying his charges, or that .he must wait for his pay until it is determined whether it is collectible or not.
The faets of the instant ease do not bring it within thisrule, and our conclusion is based upon the evidence relating to the engagement in. question, as disclosed by the record.
The charge of $100 for fee in succession of Louis Petit, on opposition, is a correct change. There is no dispute about the services being rendered, and the fee charged is a reasonable one.
As to the rest of the charges in the account, being fees in cases of Mrs. E. Labauve vs. Posey & Lyle, $1,000; Mrs. E. Labauve vs. John N. Lyle, $75; reviving judgment of Labauve vs. A. Petit et al., $100, we. are compelled to sustain the plea of prescription against them.
The services charged for in the first two cases were rendered in 1873, and the judgment of revival in the case last named was rendered on the 4th May, 1878, and the opposition was filed' on the 17th of June, 1881; consequently, more than three years had elapsed between the date of the services and the demand made in the opposition.
It is not shown that the account for these fees was ever acknowledged^ by Mrs. Labauve, or in fact was ever rendered to her. No authority was shown in her alleged agent, Caneza, to acknowledge the account, nor was it shown that the alleged imputation of payment made thereon was approved by Mrs. Labauve, and besides, more than three years had elapsed from the time of the payment to the date of the judicial demand. Moreover, it would require a higher degree of evidence than that relied on to show an interruption of- prescription against a. succession. ’
*1192 In regard to the claim of Caneza, we think it was improperly allowed; it exceeds $500 and is not supported by the required evidence. C. C. 2277.
The fact that Caneza rendered an account of his agency to Mrs. Labauve a short time before her death, embracing the periods when those payments for her, or on her account charged for, purport to have been made by the agent, and in this account showed a balance against himself which he paid to Mrs. Labauve, creates a presumption against the correctness of the claim now urged against lier succession. Why should he pay over money to Mrs. Labauve on an acknowledged indebtedness, if at tlie same time she was owing Caneza a much larger Btim? His opposition should have been dismissed.
This disposes of all the matters embraced in this appeal.
It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be amended as follows: That the opposition of Barrow & Pope, and Herron & Gallagher, be dismissed as of non-suit, and the opposition of Barrow & Pope be also dismissed, as of non-suit, as ¿.elates to their claims for services rendered in cases of Zenon Labauve vs. Emily and J. B. Woolfolk, Nos. 71 and 73; Zenon Labauve vs. Emily Woolfolk, No. 168; Mrs. Elise Labauve vs. Henry R. Slack, Louisiana Woolfolk et al. vs. Emily Woolfolk, Mrs. Labauve et ah, intervenors, Mrs. Elise Labauve vs. Emily Woolfolk, No. 1432, reserving to all of said opponents the right to prosecute their demands hereafter under the conditions stated in our opinion, and with the exception of the charge for services rendered in the succession of Louis Petit, on opposition of Mrs. Labauve, that the said opposition as-to the residue of the demands therein asserted, be rejected; and that the opposition of Andrew Caneza be dismissed, as of non-suit, and as thus amended, the j udgment is affirmed, the costs of this Court to be paid by the opponents.
Levy, J.,'absent.